OPINION
Dennis Cochran appeals from his conviction of three counts of illegal use of a minor in nudity-oriented material in violation of R.C.2907.323(A)(3). Cochran was sentenced to three concurrent nine month terms and he has completed his sentence.
In his appeal, Cochran contends he should not have been incarcerated but instead should have been placed on community control by the trial court.
In sentencing Cochran, the trial court indicated that he considered the pre-sentence investigation conducted by the probation department.
In the report, the investigation indicated Cochran was arrested after a neighbor complained that Cochran had made her six year old son and another six year old girl look at obscene pictures which Cochran had down loaded from his computer. Police interviewed the boy who corroborated his mother's report. The report indicated that police seized Cochran's computer and found the pictures of nude children. Police also received a floppy disc depicting nude pre-pubescent girls posing in provocative positions.
The report indicated that Cochran was convicted in Los Angeles, California in 1990 of two counts of using a minor for obscene matters and served a 183 day jail sentence. Cochran denied responsibility but did complete counseling and probation. The victim's family told the probation officer that the six year old "has not acted right" since the incident with the defendant. The probation officer completed the Senate Bill 2 report and noted that two "more serious" factors existed, to wit: that the physical or mental injury suffered by the victim was exacerbated by the age of the victim, and the offender's relationship with the victim facilitated the offense. The less serious factor was that the defendant did not cause physical injury to the victim. Two recidivism factors were noted by the probation department, that Cochran had a prior criminal history, and that he showed no remorse for the crime. The probation department recommended Cochran be sentenced because his sex convictions appear to be a "pattern of offenses against children." The trial court adopted the findings and recommendations of the probation department and sentenced the defendant to nine months incarceration.
Cochran contends in a single assignment of error that the trial court erred as a matter of law in sentencing him to prison and that his trial counsel was ineffective in not demanding an evidentiary hearing to challenge the misstatements in the probation report.
If the court decides to impose a prison term, the court must cite the reasons for doing so on the record. R.C. 2929.19(B)(2)(a). Those reasons must be based upon the purposes of felony sentencing found in R.C. 2929.11 and upon the factors listed in R.C. 2929.13(B)(1)(a)-(h). Id. Additionally, the trial court must impose only a minimum term of imprisonment upon a defendant who has not previously served a term of imprisonment unless the court finds that a minimum sentence would demean the seriousness of the offense or that it would not adequately protect the public from future crime. R.C. 2929.14(B).
The trial court found that a minimum sentence or community control would demean the seriousness of the offenses Cochran committed. The record supports the trial court's findings of the more and less serious factors in R.C. 2929.12(B) and the recidivism factors in R.C. 2929.12(D). The trial court properly weighed these factors and found that a prison term was consistent with R.C. 2929.11. The trial court also properly found that the offenses committed were fifth degree felonies involving a sex offense. See, R.C. 2929.13(B)(2)(a).
We agree with the State that the trial court could properly consider Cochran's lack of remorse in determining that a prison term was necessary to protect the public. The trial court sentenced Cochran to only nine months although a 36 month sentence was possible. We see no abuse of discretion present in the trial court's sentencing of the appellant. The record also does not support appellant's contention that his trial counsel was ineffective. The assignment of error is overruled.
The judgment of the trial court is Affirmed.
FAIN, J., and WALTERS, J., concur.
(Hon. Sumner E. Walters of the Court of Appeals, Third Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).